JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Charles Sloop

**(b)** County of Residence of First Listed Plaintiff: Mecklenburg County, NC
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alex Dimitry, Cosse Law Firm, 1515 Poydras Street, Suite 1825, New Orleans, LA 70112, 504-588-9500

## DEFENDANTS
JAMES RIVER INSURANCE COMPANY, RASIER, LLC and CLARENCE WINFREY

County of Residence of First Listed Defendant: Richmond County, VA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Travis B. Wilkinson, Taylor, Wellons, Politz & Duhe, APLC
1515 Poydras Street, Suite 1900, New Orleans, LA 70112, 504-525-9888

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332; 28 U.S.C. 1441
Brief description of cause:
Personal Injury action on a motor vehicle accident.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE Paulette R. Irons
DOCKET NUMBER 2019-3233

DATE: 05/23/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 19-3233

CHARLES SLOOP

DIV. M-13

VERSUS

JAMES RIVER INSURANCE COMPANY, RAISER, LLC AND CLARENCE WINFREY

FILED _____   DEPUTY CLERK _____

## PETITION FOR DAMAGES

Petitioner, **Charles Sloop** (hereinafter referred to as "Petitioner"), a person of the full age of majority and domiciliary of the County of Gaston, State of North Carolina, respectfully avers that:

I.

Made Defendants herein are:

A) **James River Insurance Company**, (simply hereinafter referred to as "James River") a foreign insurance company authorized to do and doing business in the State of Louisiana who at all relevant times mentioned herein provided a policy of automobile liability insurance covering the 2010 Nissan Maxima involved in this motor vehicle accident;

B) **Raiser, LLC**, (simply hereinafter referred to as "Raiser") a foreign company authorized to and doing business in the State of Louisiana, who at any and all pertinent times mentioned herein is believed to be the employer of Driver;

C) **Clarence Winfrey, Jr.**, (simply hereinafter referred to as "Driver") a person of the full age of majority and a domiciliary of the Parish of Jefferson, State of Louisiana;

II.

Petitioner avers that venue is proper in Orleans Parish pursuant to Louisiana Code of Civil Procedure Article 74 because an action to recover damages for an offense may be brought in the Parish where the wrongful conduct occurred or where the damages were sustained, and at all pertinent times mentioned herein, the accident occurred and the damages were sustained in Orleans Parish.

Exhibit 1

III.

On or about April 10, 2018, Petitioner was the rear passenger of a 2010 Nissan Maxima, being operated by Driver. Driver and Petitioner were traveling North on Julia Street in the Parish of Orleans, State of Louisiana, near the intersection of S. Peters Street. At the same time, Phillip Quade (hereinafter referred to as "Quade") was operating his 2014 Toyota Corolla and traveling East on S. Peters Street, near the intersection of Julia Street. As Quade was traveling through the intersection of Julia Street and S. Peters Street, Driver failed to yield at the stop sign and struck Quade's vehicle in the middle of the intersection.

IV.

As a result of the above described accident, Petitioner suffered severe and debilitating injuries.

V.

Petitioner avers Driver is liable for his own negligence under Article 2315 of the Louisiana Civil Code and for things in his care, custody, and control, namely the 2010 Nissan Maxima under Article 2317 of the Louisiana Civil Code.

VI.

Petitioner avers that Judy Winfrey, (hereinafter referred to as "Owner") is the registered owner of the 2010 Nissan Maxima driven by Driver, and that Driver was operating the vehicle with Owner's knowledge, consent, and acquiescence.

VII.

Petitioner avers that at the time of the accident, Driver was an employee of Raiser and was acting in the course and scope of his employment.

VIII.

Petitioner avers that Driver was operating the vehicle on the Uber-Rideshare Network with Raiser's knowledge, consent, and acquiescence.

IX.

In the alternative, if it is found that Driver was not an employee of Raiser, Petitioner avers that at the time of the accident Driver was an authorized rideshare driver in connection with the Uber application and was operating and transporting a passenger pursuant to its terms and conditions.

X.

Petitioner avers that Raiser is liable for all acts of negligence of Driver while Driver was in the course and scope of his employment under Article 2320 of the Louisiana Civil Code and the doctrine of *respondeat superior*.

XI.

Petitioner avers that Raiser is liable for all acts of negligence of Driver while Driver was operating as a rideshare driver for Uber and providing transportation services for Uber customers.

XII.

Petitioner avers that at all material times herein, James River had in full force and effect a policy of automobile liability insurance insuring the 2010 Nissan Maxima driven by Driver, and as such, the liability of Driver is imputed and imputable to James River by virtue of the terms and conditions of said policy.

XIII.

Petitioner avers that the sole and proximate cause of the injuries and damages sustained by Petitioner was the individual, joint, solidary, concurrent and/or successive negligence of Driver, which negligence includes but is not limited, to wit:

a. failure to maintain a proper look-out;
b. failure to observe existing traffic conditions;
c. failure to observe Quade's vehicle in due time in order to avoid hitting same;
d. failure to observe due caution;
e. driving in a careless and reckless manner;
f. failure to maintain control of his vehicle;
g. failure to exercise reasonable vigilance;
h. failure to yield;
i. failure to follow rules and regulations governing stop signs; and
j. any and all other acts of negligence which may be proven at trial of this matter.

XIV.

Petitioner avers that as a result of the accident made subject of this litigation, he sustained the following non-exclusive damages to-wit:

a. Past, present and future pain and suffering;
b. Past, present and future medical expenses;

  c. Past, present and future lost wages; and

  d. Any and all other damages which may be proven at the trial of this matter.

XV.

At the trial of this matter, it shall be necessary to call upon expert witnesses to give testimony, and the cost of these experts should be taxed as costs of Court and paid by the Defendants

XVI.

Petitioners aver amicable demand, to no avail.

**WHEREFORE**, Petitioner, Charles Sloop, prays that this Petition be filed and that Defendants, James River Insurance Company, Raiser, LLC and Clarence Winfrey, Jr., be duly cited and served with a copy of same, to appear and answer same and after due proceedings had, there be judgment herein in favor of Petitioner, Charles Sloop, and against Defendants, James River Insurance Company, Raiser, LLC and Clarence Winfrey, Jr., jointly, severally or *in solido* in an amount reasonably calculated to compensate Petitioner for his damages, together with legal interest thereon, from date of judicial demand until paid, all costs of the proceedings, and all general and equitable relief.

Respectfully submitted,

COSSÉ LAW FIRM, LLC

*(signature)*

ALEXANDER K. DIMITRY #32427
IRVY E. COSSÉ, III #23694
1515 Poydras Street, Suite 1825
New Orleans, Louisiana 70112
Telephone: (504) 588-9500
Facsimile: (504) 588-2114
*Attorney for Plaintiff, Charles Sloop*

**PLEASE SERVE:**

**James River Insurance Company**
Through its registered agent for service:
**Louisiana Secretary of State**
8585 Archives Avenue
Baton Rouge, LA 70809

**Raiser, LLC**
Through its registered agent for service:
**CT Corporation System**
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**Clarence Winfrey, Jr.**
2200 Carol Sue Avenue
Gretna, LA 70056

A TRUE COPY

*(signature)*
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA